UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, | Civil File No. 1:08-cv-18 |
| Plaintiff, | |
| v. | **CONSENT DECREE AND PERMANENT INJUNCTION** |
| BLUE CROSS LABORATORIES, | |
| Defendant. | |

## RECITALS

A.    Plaintiff The Procter & Gamble Company ("P&G") is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

B.    Defendant Blue Cross Laboratories ("BCL") is a California corporation with its principal place of business in Santa Clarita, California.

C.    P&G has sold products labeled HERBAL ESSENCES bearing the trade dress and designs shown on Exhibit A hereto (the "P&G Trade Dress and Design").

D.    BCL has sold products labeled HERBAL PASSION bearing the packaging shown on Exhibit B attached hereto (the "BCL Packaging").

E.    P&G has filed a lawsuit against BCL in the United States District Court for the Southern District of Ohio, Case No. 1:08-cv-18 (the "Litigation") asserting, among other things, that the BCL Packaging infringes on the rights in the P&G Trade Dress and Design.

F.    P&G has filed and concluded two previous lawsuits against BCL for BCL's copying of P&G's trade dress for P&G products, including PERT PLUS, PANTENE, NOXZEMA, HEAD & SHOULDERS, SECRET, and HERBAL ESSENCES FRUIT FUSIONS.

Those previous lawsuits concluded in a March 1998 Final Judgment and Order of Permanent Injunction on Consent (S.D. Fla.) and a January 2005 Final Judgment by Consent (S.D. Ohio).

G. BCL represents that it has ceased manufacturing the BCL Packaging; has ceased distributing products packaged in the BCL Packaging; has issued a recall to all persons or entities to whom it has distributed products packaged in the BCL Packaging; has destroyed all molds used for creating the bottle shapes used as part of the BCL Packaging; and no longer possesses any products packaged in the BCL Packaging or any advertising incorporating the BCL Packaging.

H. BCL represents that the list attached hereto as Exhibit C is a complete list of all entities to whom it has distributed BCL products packaged in the BCL Packaging.

Based upon the consents of the parties and their attorneys, in order both to resolve this Litigation without further expense and to minimize the likelihood of future copying of P&G product packaging features by BCL in the future, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has jurisdiction over this action and the parties.

2. P&G is declared the owner of all rights in the P&G Trade Dress and Design, as shown on Exhibit A, which is valid, novel, unique, distinctive, and proprietary.

3. Commencing immediately, BCL and its officers, agents, successors, assigns, parents, affiliates, subsidiaries, servants, partners, employees, directors, attorneys, representatives, and all persons, firms and corporations in active concert or participation with them, are permanently restrained and enjoined from the acts detailed in this paragraph:

(a) BCL shall not manufacture, sell, distribute, export, import, or advertise through a website or any other means any products packaged in the BCL Packaging.

(b)     BCL shall not manufacture, sell, distribute, export, import, or advertise through a website or any other means any products packaged in bottles of the shape employed in the BCL Packaging, or any other bottles or shapes that are substantially or confusingly similar to the bottle shape shown on Exhibit A; provided, however, that distribution of products packaged in bottles and labels depicted in Exhibit D hereto shall not be considered a violation of such obligation.

(c)     In manufacturing, selling, distributing, exporting, importing, or advertising any beauty care products in the future, including but not limited to hair care and related beauty care products, BCL shall not include on any packaging for such products either of these elements formerly included on the BCL Packaging: (a) the words "fruit fusions" or any terms that are confusingly similar to such words; or (b) any language in the form "with a fusion of."

(d)     In manufacturing, selling, distributing, exporting, importing, or advertising any beauty care products in the future, including but not limited to hair care products, BCL shall not use any trade dress confusingly similar to the P&G Trade Dress and Design, including, but not limited to, any of the following elements: (a) a holograph device or metallic printing on the top one-third portion of a label immediately above a brand name; (b) a circular medallion device on the bottom one-third portion of a label as existed on the bottom of the label on the BCL Packaging; or (c) a vinelike or organic device in close proximity to concentric circles.

(e)     BCL shall pay to P&G by wire transfer the sum of one hundred thousand dollars ($100,000.00) in five installments of twenty thousand dollars ($20,000.00) each, no later than the following dates: August 1, 2008; November 1, 2008; February 1, 2009; May 1, 2009; and August 1, 2009. The wire transfers shall be sent to an account number provided in a separate document. The failure to deliver the $20,000 payments by the listed dates shall be deemed to

constitute a material violation of this Consent Decree and Permanent Injunction, and P&G shall be entitled to recover any reasonable attorney fees and costs incurred in enforcing BCL's payment obligations.

4. If BCL again imitates the P&G Trade Dress and Design in its current form, or if BCL imitates any future iterations of the trade dress used for the HERBAL ESSENCES brand, without regard to whether the trade dress is similar or dissimilar to the current P&G Trade Dress and Design, and without regard to proof of secondary meaning, then BCL shall pay P&G liquidated damages in the amount of one hundred fifty thousand dollars ($150,000.00) and shall submit to an immediate injunction to stop the sale, distribution, export, import, or advertisement of products bearing such trade dress through any distribution method, including but not limited to website distribution. The parties agree that such liquidated damages do not constitute a penalty but instead reflect the parties' desire to approximate likely damages without incurring the expense of further proof or litigation. If BCL continues to sell, distribute, export, import, or advertise trade dress to which P&G has objected pursuant to this paragraph following such objection, P&G shall retain the right to seek additional damages in addition to the liquidated damages specified in this paragraph.

5. Any claims asserted in the Litigation other than those resolved through this Consent Decree and Permanent Injunction shall be dismissed with prejudice, each party to bear its own costs and attorneys' fees. Unless specifically addressed by this Consent Decree and Permanent Injunction, P&G intends to reserve any rights it may have against trademarks or trade dress not resolved by this Consent Decree and Permanent Injunction that P&G concludes may be likely to cause confusion with P&G Products, including its rights to obtain awards of attorneys' fees and costs in connection with violation of any such rights.

6.  Any notice required to be given under this Agreement shall be in writing, addressed to the parties as indicated below, or to such other address as may hereinafter be designated by either party to the other by notice in writing. Any such notice shall be given by fax and shall be deemed given on the date on the fax transmission receipt. Addresses for such notices are as follows:

If to BCL:

Blue Cross Laboratories
Attn: Mr. Darrell Mahler, President
26411 N. Golden Valley Road
Santa Clarita, CA  91350

Tel: (661) 255-0955
Fax: (661) 255-3628
Email:  ???

With a copy to:

Heather L. McCloskey
Ervin, Cohen & Jessup LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA  90212-2974
Tel: (310) 273-6333
Fax: (310) 859-2325
Email: hmccloskey@ecjlaw.com

If to P&G:

The Procter & Gamble Company
Legal Division
One Procter & Gamble Plaza
Cincinnati, OH  45202-3315
Tel: (513) 983-4225
Fax: (513) 983-1992
Email: ruwe.ka@pg.com

with a copy to:

Peter M. Lancaster, Esq.
Dorsey & Whitney LLP

50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel: (612) 340-2868
Fax: (612) 340-2600
Email: lancaster.peter@dorsey.com

7. The Court shall retain jurisdiction over this matter to ensure compliance with the terms of this Consent Decree and Permanent Injunction.

8. There shall be no appeal from this Consent Decree and Permanent Injunction.

The undersigned consent to entry of this Consent Decree and Permanent Injunction without further notice.

On behalf of:

THE PROCTER & GAMBLE COMPANY

By: _____

Date: _____

As Counsel for:

THE PROCTER & GAMBLE COMPANY

By: _____

Date: _____

DORSEY & WHITNEY LLP
Peter M. Lancaster
Heather D. Redmond
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

*Attorneys for Plaintiff*

On behalf of:

BLUE CROSS LABORATORIES

By: /s/ [signature]

Date: July 21, 2008

As Counsel for:

BLUE CROSS LABORATORIES

By: /s/ Heather L. McCloskey

Date: July 22, 2008

ERVIN, COHEN & JESSUP LLP
~~Rodney C. Lee~~ Heather L. McCloskey
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212-2974
Telephone: (310) 281-6367

*Attorneys for Defendant*

6

50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel: (612) 340-2868
Fax: (612) 340-2600
Email: lancaster.peter@dorsey.com

7.  The Court shall retain jurisdiction over this matter to ensure compliance with the terms of this Consent Decree and Permanent Injunction.

8.  There shall be no appeal from this Consent Decree and Permanent Injunction.

The undersigned consent to entry of this Consent Decree and Permanent Injunction without further notice.

On behalf of:

THE PROCTER & GAMBLE
COMPANY

By: *Craig D. Bahner*

Date: 7/23/2008

As Counsel for:

THE PROCTER & GAMBLE
COMPANY

By: *Pet M Lancaster*

Date: *As of 7/23/08*

DORSEY & WHITNEY LLP
Peter M. Lancaster
Heather D. Redmond
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

*Attorneys for Plaintiff*

On behalf of:

BLUE CROSS LABORATORIES

By: _____

Date: _____

As Counsel for:

BLUE CROSS LABORATORIES

By: _____

Date: _____

ERVIN, COHEN & JESSUP LLP
Rodney C. Lee
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212-2974
Telephone: (310) 281-6367

*Attorneys for Defendant*

**SO ORDERED:**

                                                **BY THE COURT**

Dated: 9/11/08                          s/ Thomas M. Rose

                                                United States District Court Judge



Exhibit A



**Exhibit B**

## LIST OF CUSTOMERS THAT PURCHASED HERBAL PASSIONS

LaPointe Co. (LPC-USA)
427 Winslow St
Crockett, CA 94525

Caspian Trading Inc.
2211 Frederick St.
Oakland, CA 94606

Four Seasons General Merchandise
2801 East Vernon Ave.
Vernon, CA 90058

JC Sales
2720 South Soto St
Los Angeles, CA 90023

Save-A-Lot General Merchandise
P.O. Box 91
Minneapolis, MN  55440-0091

One Stop Distribution
3630 I Street
Philadelphia, PA  19134

Korea Paper Inc.
58-30 Grand Ave.
Maspeth, NY  11378

Edimar International Corp.
2040 SW 139th Court
Miami, FL  33175-8009

KB Bargain Wholesale Corp
4480 North 43rd Avenue #4
Phoenix, AZ  85031

L.O.I. Distributing Co.
P. O. Box 39620
Lakewood, WA  98439


Exhibit C

## LIST OF CUSTOMERS THAT PURCHASED HERBAL PASSIONS

K.K.W. Inc.
15 Boutwell St.
San Francisco, CA 94124-1903

**Paramount Imports & Wholesales**
2936 East 46th Street
Vernon, CA 90058

99-Cent Only Stores
4000 Union Pacific Ave
City Commerce, CA 90023

380 Auction
4320 Fairview Rd
Murrysville, PA 15668

J&S Astro Inc.
5680 N.W. 163rd St
Miami, FL 30014

North & South Whsle LLC
3435 NW 60th Street
Miami, FL 33142

Dollar Tree Merch.
500 Volvo Parkway
Chesapeake, VA 23320

Best Wholesale Inc.
3051 East 46th Street
Vernon, CA 90058

California Bazar Inc.
2652 East 45th Street
Vernon, CA 90058

Concord Enterprises
2957 E. 46th Street
Los Angeles, CA 90058

Jumbo Sales Co.
3001 Bandini Blvd.
Vernon, CA 90023



**Exhibit D**

